JEFFREY T. NORBERG (215087)
Norberg Law
320 W. Ohio Street
Third Floor
Chicago, IL 60654
(415) 359-5656
jnorberg@norberglaw.com
Attorney for Defendant Game Garden, LLC

COOLEY LLP
JOHN W. CRITTENDEN (101634)
(jcrittenden@cooley.com)
CHANTAL Z. HWANG (275236)
(chwang@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

COOLEY LLP
BRENDAN J. HUGHES (DC Bar No. 497332) (*pro hac vice*)
(bhughes@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899
Attorneys for Defendants identified as
GAME INSIGHT NORTH AMERICA,
GAME INSIGHT, and GIGL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

|  |  |
|---|---|
| EVGENY EPIKHIN and DMITRI REDLIKH,<br><br>                 Plaintiffs,<br><br>        vs.<br><br>GAME INSIGHT NORTH AMERICA, GAME INSIGHT, GIGL, FLY HIGH GAMES, GAME GARDEN, LLC, YURY POMORTSEV and DOES 1-20,<br><br>                 Defendants. | Case No. 5:14-cv-04383 LHK<br><br>**DISTRIBUTOR DEFENDANTS' MOTION TO DISMISS THE THIRD, FOURTH AND SEVENTH CAUSES OF ACTION**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Date: May 14, 2015<br><br>Time: 1:30 p.m.<br><br>Place: 280 S. First Street, San Jose, CA 95113 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 14, 2015, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Lucy H. Koh, **280 S. First Street, San Jose, CA 95113**, Defendant Game Garden, LLC ("Game Garden") and the defendants identified as Game Insight North America, Game Insight and GIGL ("Game Insight" or "the Game Insight defendants") (collectively "the Distributor Defendants") will and hereby do move this Court to hear the Distributor Defendants' Motion to Dismiss the Third, Fourth and Seventh Causes of Action contained in Plaintiffs' September 29, 2014 Complaint (the "Complaint"). This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted. More specifically, the Complaint does not contain sufficient allegations to state a claim for contributory and vicarious copyright infringement. And the Seventh Cause of Action, for relief under Cal. Bus. & Prof. Code § 17200, is preempted by federal copyright law.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Complaint, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

This action seeks damages for the alleged infringement of a mobile videogame that was developed in Russia by a number of Russian individuals and companies. The Complaint names as defendants some, but not all, of these Russian parties, along with the alleged United States distributors of the game: Game Garden and the Game Insight defendants. The Plaintiffs use more than 130 paragraphs to tell the tale of why Plaintiffs believe they own the rights to this game, yet, make only a single allegation of wrongdoing regarding the Distributor Defendants: that they distribute the disputed game via Apple, Google, Microsoft and Amazon. While this paucity of facts requires a great deal of inference to support even a direct copyright infringement claim, it is wholly insufficient to support any of the other three claims.

Game Garden and the Game Insight defendants therefore seek dismissal of the Plaintiffs' Third, Fourth and Seventh Causes of Action, for contributory and vicarious copyright infringement, and for deceptive trade practices under California Business & Professions Code §17200. Plaintiffs' claims for contributory and vicarious copyright infringement should be dismissed because the Complaint fails to include facts sufficient to satisfy the requirements of Rule 8 and the Supreme Court's *Twombly* and *Iqbal* decisions. Indeed, the Plaintiffs' vicarious liability claim, which simply repeats verbatim the insufficient allegations of the contributory liability claim, fails to even allege the legal elements of such a claim.

The Plaintiffs' 17200 claim should be dismissed on the ground that the Complaint alleges only that Game Garden and the Game Insight defendants are distributing a game that is subject to copyright protection. This claim is therefore preempted by the Copyright Act.

### II.   Plaintiffs' Allegations

Plaintiffs' Complaint describes a business dispute among a number of former business partners regarding the authorship and rights to a mobile videogame called *Cat Story*. Complaint ¶¶ 21-27, 30-60. *Cat Story*, the Complaint alleges, was originally conceived of and at least partially coded in Russia by a Russian company called South Port Studios, and under the internal moniker *PussyVille*. Complaint ¶¶ 20-27. Plaintiffs claim that the *Cat Story* game

infringes copyrights right they obtained by assignment from South Port Studios.  Complaint ¶¶ 28-30, 58-60.

While the Complaint contains more than 130 paragraphs, it makes only two factual allegations with respect to the Game Insight defendants.  First, in Paragraphs 4-7, Plaintiffs identify the Game Insight defendants by name and location.  Second, in Paragraphs 8-9, 29, 54-55 and 94, Plaintiffs allege that defendant GIGL began distributing the *Cat Story* application via Google, Inc. on January 24, 2014, and that defendant Game Insight or Game Insight North America began distributing the application via Apple, Inc.'s App Store on September 19, 2013.  Other than a few legal conclusions directed to all defendants contained in the individual causes of action, the Complaint contains no other allegations specific to the Game Insight defendants.

The allegations levied against Game Garden are similarly limited.  In Paragraph 10, the Plaintiffs identify Game Garden by name and state of incorporation; in Paragraphs 11, 56, 57, 96 and 97, the Plaintiffs allege that Game Garden distributes the *Cat Story* game via Amazon and Windows Mobile.  Plaintiffs further allege that Game Garden has in the past distributed various South Port projects, that the Plaintiffs were once owners of Game Garden along with Defendant Pomortsev, that Pomortsev allegedly made misrepresentations to them about South Port Studio's development of *PussyVille*, and that the Plaintiffs parted ways with Game Garden after the deterioration of their relationship with the other owners.  Complaint ¶¶ 32-34, 37, 45-50, 52 and 89-91.

Despite the limited nature of these allegations, the Plaintiffs have asserted four causes of action against the Distributor Defendants: direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, and deceptive business practices in violation of California Business & Professions Code §17200.  As explained below, there are insufficient factual allegations to support, even by inference, the latter three claims.

## III.   Argument

### A.   Legal Standard for a 12(b)(6) Motion

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Federal Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Federal Rule 12(b)(6) allows a court to dismiss a claim if the Complaint fails to include sufficient information to meet this requirement. The Supreme Court has instructed that this does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.* Simply offering labels and conclusions is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). The purpose of the rule is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

As explained below, the Complaint contains only minimal factual allegations as to the Distributor Defendants.  The allegations do not give the Distributor Defendants fair notice of the grounds upon which these claims are based and are insufficient to support the Plaintiffs' Third, Fourth and Seventh Causes of Action.

### B.   The Complaint Fails to State a Claim for Contributory Copyright Infringement

To state a claim for contributory copyright infringement, Plaintiffs must allege that a defendant "(1) has knowledge of a third party's infringing activity, and (2) 'induces, causes, or materially contributes to the infringing conduct.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Plaintiffs' Third Cause of Action for contributory copyright infringement fails because the Complaint does not allege any facts to support either of the requisite elements.

In fact, the Plaintiffs' allegations of wrongdoing against the Distributor Defendants are limited to the allegation that the Distributor Defendants distributed a game that the Plaintiffs

claim to own. The Complaint identifies no alleged third party infringer, nor does it include any facts to support a claim that the Distributor Defendants had knowledge of such third party infringement or that the Distributor Defendants induced, caused or materially contributed to such conduct.

While the Complaint includes a summary recitation of the two basic elements of contributory infringement in Paragraphs 102 and 103, these recitals are not sufficient to state a claim of contributory infringement. In Paragraph 102, Plaintiffs allege "Defendants induced, caused, and materially contributed to the infringing acts of others by assisting, inducing and allowing others to reproduce and distribute Plaintiffs' works." And, in Paragraph 103, Plaintiffs allege "Defendants had knowledge of the infringing acts relating to Plaintiffs' copyrighted works." Such conclusory allegations, absent factual support elsewhere in the pleading, are not entitled to the presumption of truth on a motion to dismiss. *See Twombly*, 550 U.S. at 555 ("on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Indeed, these allegations are precisely the type of "unadorned, the-defendant-harmed-me allegations" that the Supreme Court found insufficient in the *Iqbal* and *Twombly* cases. *Iqbal*, 556 U.S. at 677-78.

In the absence of any facts to support Plaintiffs' contributory copyright infringement claim, it must be dismissed.

### C. The Complaint Fails to State a Claim for Vicarious Copyright Infringement

Like Plaintiffs' claim for contributory copyright infringement, Plaintiffs' vicarious copyright infringement claim is unsupported by any facts elsewhere in the Complaint. However, unlike the contributory infringement claim, the vicarious liability claim fails to allege, even on a conclusory basis, the essential legal elements of a vicarious copyright infringement claim.

To state a claim for vicarious copyright infringement, Plaintiffs must allege: "that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Visa*, 494 F.3d at 802 (internal footnote and citations omitted). Once again, the Complaint contains only a single allegation of wrongdoing against the Distributor Defendants: that the Distributor Defendants distribute the *Cat Story* game.

There are no facts to support any claim that the Distributor Defendants have either the right or ability to supervise the alleged infringing conduct, or a direct financial interest in the infringing activity. This alone warrants dismissal of this claim.

This cause of action should also be dismissed because Plaintiffs failed to even recite the necessary legal elements of a vicarious copyright infringement claim. Instead, the Fourth Cause of Action simply repeats the elements of the Third Cause of Action, for contributory copyright infringement, and then summarily declares that these acts constitute vicarious copyright infringement:

> 106. Numerous entities and individuals have directly infringed Plaintiffs' copyrighted works.

> 107. Defendants induced, caused, and materially contributed to the infringing acts of others by assisting, inducing and allowing others to reproduce and distribute Plaintiffs' works.

> 108. Defendants had knowledge of the infringing acts relating to Plaintiffs' copyrighted works.

> 109. The acts and conduct of Defendants, as alleged in this Complaint, constitute vicarious copyright infringement.

Complaint ¶¶ 106-109. Thus, the vicarious liability claim should be dismissed for this additional reason.

**D.   Plaintiffs' Deceptive Practices Claim Is Preempted by the Copyright Act**

Plaintiffs' claim for deceptive practices in violation of California Business & Professions Code § 17200 is preempted by the Copyright Act because the Complaint's sole allegation of wrongdoing with respect to the Distributor Defendants is that they distributed a work that is subject to federal copyright protection.

"The Copyright Act explicitly preempts state laws that regulate in the area of copyright, stating that 'all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title.'" *Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1150 (9th Cir. 2008) (quoting 17 U.S.C. § 301). Courts generally dismiss claims under California Business & Professions

Code §17200 where, as here, the complaint includes no allegations other than those pertaining to copyright. *See Sybersound*, 517 F.3d at 1152 ("To the extent the improper business act complained of is based on copyright infringement, the claim was properly dismissed because it is preempted."); *Bisson-Dath v. Sony Computer Entertainment America, Inc.*, 694 F. Supp. 2d 1071, 1092 (N.D. Cal. 2010) (dismissing 17200 claim when "complaint makes allegations pertaining only to copyright infringement").

In analyzing state law related copyright claims, courts generally find preemption when two conditions are satisfied. "First, the content of the protected right must fall within the subject matter of the copyright as described in 17 U.S.C. §§102 and 103. Second, the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001). Both of these elements are satisfied here.

First, there can be no doubt that Plaintiffs' claims against the Distributor Defendants fall squarely within the subject matter of the Copyright Act. The first Paragraph of the Complaint states: "[t]his is an action . . . to recover damages arising from copyright infringement[]." Complaint ¶ 1. The First, Third and Fourth Causes of Action allege direct and indirect copyright infringement, and Plaintiffs claim that they have sought federal copyright registrations for the works at issue in this litigation. Complaint ¶¶ 62-63.

Regarding the second element, whether the right asserted under state law is equivalent to a right provided in Section 106 of the Copyright Act, the only factual allegation against the Game Insight defendants, other than identifying information, is that the Game Insight defendants distribute the allegedly infringing game. The right to distribute a protected work is one of the expressly protected rights granted under section 106 of the Copyright Act. *See* 17 U.S.C. §106(3).

While the Complaint includes additional information regarding Game Garden at Paragraphs 32-34, 37, 45-50 52 and 89-91, these allegations relate to the deterioration of the business relationship between the Plaintiffs and defendant Pomortsev, and appear to be directed at supporting the Second and Sixth Causes of Action – for fraud and breach of contract – which

are asserted solely against defendant Pomortsev.[1]  In determining whether a Section 17200 claim is directed solely toward activities that are covered by the Copyright Act, it is not appropriate to consider allegations that are directed to other defendants, but not the moving defendant.  *See Salim v. Lee*, 202 F. Supp. 2d 1122, 1127 (C.D. Cal. 2002) (dismissing unfair competition theories as preempted where facts supporting additional elements are alleged only as to other defendants).   The allegations in these paragraphs appear to have been included to support the Plaintiffs' claim that they own a copyright interest in the *Cat Story* game, and to support Plaintiffs' fraud and breach of contract allegations against Defendant Pomortsev.  They allege no wrongdoing against the Distributor Defendants outside the scope of the Copyright Act, and therefore do not save the Seventh Cause of Action from preemption. *See id.*

In light of the above, Plaintiffs' 17200 claim is preempted, and should therefore be dismissed.

_____

[1] The Sixth Cause of Action – for breach of contract – purports to be asserted against two individuals, Defendant Pomortsev and an individual named Bakanovich.  However, the Complaint does not list Bakanovich as a named defendant.

DISTRIBUTOR DEFENDANTS' MOTION TO DISMISS - 7        CASE NO. 5:14-CV-04383-LHK

## IV.   Conclusion

The Complaint fails to include sufficient facts to state a claim for relief with respect to Plaintiffs' claims for contributory and vicarious copyright infringement, and Plaintiffs' claims under California Business & Professions Code §17200 are preempted by the Copyright Act. These claims should be dismissed.


Dated: January 20, 2015          NORBERG LAW
                                 JEFFREY T. NORBERG (215087)



                                 /s/ Jeffrey T. Norberg
                                 JEFFREY T. NORBERG (215087)
                                 Attorney for Defendant
                                 GAME GARDEN, LLC




Dated: January 20, 2015          COOLEY LLP
                                 JOHN W. CRITTENDEN (101634)
                                 BRENDAN J. HUGHES (DC 497332) (*pro hac vice*)
                                 CHANTAL Z. HWANG (275236)


                                 /s/ Brendan J. Hughes
                                 BRENDAN J. HUGHES  (DC 497332) (*pro hac vice*)
                                 Attorneys for Defendants identified as
                                 GAME INSIGHT NORTH AMERICA,
                                 GAME INSIGHT, and GIGL

1

**FILER'S ATTESTATION**

2

    I, Jeffrey T. Norberg, am the ECF user whose ID and password are being used to file this

3

Motion to Dismiss.  In compliance with General Order 45, X.B., I hereby attest that Brendan J.

4

Hughes has concurred in this filing.

5

6

7

                          /s/ Jeffrey T. Norberg

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28