United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

EVGENY EPIKHIN and DMITRI REDLIKH,

Plaintiffs,

v.

GAME INSIGHT NORTH AMERICA, et al.,

Defendants.

Case No. 14-CV-04383-LHK

**ORDER GRANTING DISTRIBUTOR DEFENDANTS' MOTION TO DISMISS THIRD, FOURTH, AND SEVENTH CAUSES OF ACTION**

Plaintiffs Evgeny Epikhin ("Epikhin") and Dmitri Redlikh ("Redlikh") (collectively, "Plaintiffs") bring suit against defendants Game Insight North America, Game Insight, and GIGL (collectively, "Game Insight") and Game Garden, LLC ("Game Garden") (together, with Game Insight, "Distributor Defendants"), as well as against Fly High Games ("Fly High") and Yury Pomortsev ("Pomortsev"). Before the Court is Distributor Defendants' motion to dismiss Plaintiffs' third, fourth, and seventh causes of action. ECF No. 16.

The Court finds this matter suitable for decision without oral argument under Civil Local Rule 7-1(b) and hereby VACATES the motion hearing set for June 11, 2015, at 1:30 p.m. The case management conference scheduled for that date and time remains as set. Having considered

United States District Court
Northern District of California

the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Distributor Defendants' motion to dismiss Plaintiffs' third, fourth, and seventh causes of action.

## I. BACKGROUND

### A. Factual Background

The crux of this lawsuit is who owns the rights to *Cat Story*, a free mobile application ("app") in which players build a virtual village for cats shipwrecked on an island and send the cats on various quests and adventures. ECF No. 1 ("Compl.") ¶¶ 21-23, 50-60. The app is distributed by Game Garden and Game Insight, pursuant to a license from Fly High. *Id.* ¶¶ 29, 54-57. From November 2011 to September 2013, Game Garden, a California Corporation, was owned by Pomortsev, Maxim Bakanovich ("Bakanovich"), and Plaintiffs. *Id.* ¶ 34; ECF No. 26-1 ("Redlikh Decl.") ¶ 3.[1] Game Garden was managed by Taras Titarenko ("Titarenko"), Redlikh's lifelong friend. Redlikh Decl. ¶ 13; ECF No. 26-2 ("Titarenko Decl.") ¶ 1.

Plaintiffs allege that the app which became *Cat Story* was first conceived in early 2012 at South Port Studios, LLC ("South Port"), a Russian corporation owned solely by Redlikh but managed by Pomortsev. Compl. ¶¶ 20-23; Redlikh Decl. ¶¶ 2, 9. At the time, Plaintiffs say, the app was called *PussyVille*. Compl. ¶ 24. According to Plaintiffs, South Port employees participated in various tasks related to *PussyVille*, including development of the game concept; creation of art, code and graphics; deployment of game mechanics; and development of a marketing strategy for the app. *Id.* ¶ 25. Plaintiffs claim that *PussyVille* contained computer code based on and derived from code created by South Port in connection with earlier app projects such as *Fairy Farm*. *Id.* ¶ 27.

[1] As indicated above, the Court uses "Game Garden" herein to refer to Game Garden, LLC, the California corporation, not the informal Russian partnership, apparently comprised of the same owners, that is not a party to this litigation. *See, e.g.*, ECF No. 42 at 4-5 (joint case management statement explaining the difference between "Game Garden Partnership" and "Game Garden, LLC"); Redlikh Decl. ¶¶ 10-12 (describing "the informal group Game Garden").

United States District Court
Northern District of California

Starting in late 2012, things started to go awry. Plaintiffs allege that Pomortsev informed Redlikh that the owner of Fly High was interested in helping develop *PussyVille* in exchange for a share in the app's profits. Compl. ¶ 37. Plaintiffs allege further that Pomortsev, without authority or Plaintiffs' prior consent, began to share with Fly High information regarding *PussyVille*. *Id.* ¶ 38. While this sharing was happening, Plaintiffs claim that Pomortsev was representing to them that South Port employees were no longer working to develop *PussyVille*. *Id.* ¶ 40. In an e-mail to Plaintiffs dated January 18, 2013, Pomortsev allegedly wrote, "*PussyVille* is not being developed." *Id.* ¶ 41. Despite these representations, Plaintiffs claim that Pomortsev and Bakanovich had started a new gaming company, Fair Play Studios, which was secretly working with Fly High to develop the app that would become *Cat Story*. *Id.* ¶¶ 36, 42.

Startek Invest Limited ("Startek"), a corporation organized under the laws of Cyprus, was another company owned solely by Redlikh. Redlikh Decl. ¶ 1. Though Startek is mentioned nowhere in Plaintiffs' complaint, Redlikh says that Startek "was the owner of rights to certain gaming applications that were developed by South Port." *Id.* ¶ 6. Startek and Game Garden entered into a series of service contract agreements whereby Game Garden would distribute games created by South Port but owned by Startek. *Id.* ¶¶ 13-14; Titarenko Decl. ¶¶ 4-5. The last such agreement, dated March 21, 2013, did not include *PussyVille* in either the list of games then in development or the list of games then being distributed by Game Garden. Titarenko Decl. Ex. A. To be clear, though, Plaintiffs allege that South Port, not Startek, owned the rights to *PussyVille*. *See* Compl. ¶¶ 38, 49-50, 58.

Due to various difficulties, the relationship between Game Garden's four owners began to deteriorate beyond repair. By May 2013, the owners had decided to part ways. Compl. ¶ 45. Over the next several months, Plaintiffs negotiated with Pomortsev and Bakanovich to sell Plaintiffs' ownership interests in Game Garden. *Id.* ¶ 46. Plaintiffs eventually sold their ownership interests in Game Garden to friends of Pomortsev and Bakanovich on September 9, 2013. *Id.* ¶¶ 46, 48. Plaintiffs allege that the sale agreement listed certain games, apps, and

projects that were part of the transaction. *Id.* ¶ 49. The agreement, Plaintiffs say, made no mention of *PussyVille*, whose rights and title were allegedly transferred from South Port to Plaintiffs on September 13, 2013. *Id.* ¶¶ 49, 58.

On August 2, 2013—more than a month before Plaintiffs sold their interest in Game Garden—the domain name www.catstorygame.com was registered by Fly High's owner. Compl. ¶ 53. According to Plaintiffs, Distributor Defendants have since distributed *Cat Story* through various platforms: Game Insight began distributing *Cat Story* through Apple's App Store on September 19, 2013, *id.* ¶ 54; Game Insight began distributing *Cat Story* through Google Play on January 24, 2014, *id.* ¶ 55; Game Garden began distributing *Cat Story* through Amazon on February 1, 2014, *id.* ¶ 56; and Game Garden began distributing *Cat Story* through Windows Mobile on April 1, 2014, *id.* ¶ 57.

Plaintiffs claim to have filed for copyright protection on both *PussyVille* and *Cat Story*. Compl. ¶¶ 59-60. The record indicates that Plaintiffs have registered *Cat Story* with the U.S. Copyright Office. *See* ECF No. 23-1 Ex. A (screenshot of record of registration for *Cat Story*, Copyright Registration Number TXu 001912978). The effective date of *Cat Story*'s registration is September 24, 2014. *Id.*

**B. Procedural History**

On September 29, 2014, Plaintiffs filed their complaint in this action. In the complaint, Plaintiffs allege that *Cat Story* contains significant art, graphics, and other copyrightable material created by South Port during its development of *PussyVille*; that the rights in this copyrightable material were properly assigned to Plaintiffs; and that these rights are infringed by Distributor Defendants' distribution of *Cat Story*. Compl. ¶¶ 1, 25-27, 58. On that basis, Plaintiffs bring causes of action for direct copyright infringement under 17 U.S.C. § 501 (first cause of action), contributory copyright infringement (third cause of action), and vicarious copyright infringement (fourth cause of action) against Distributor Defendants. *Id.* ¶¶ 61-73, 100-09. Plaintiffs seek damages arising from the alleged infringement as well as injunctive relief to prevent future



United States District Court
Northern District of California

United States District Court
Northern District of California

infringement. *Id.* ¶ 1.

Plaintiffs bring additional causes of action against Pomortsev and Fly High. Specifically, Plaintiffs allege a cause of action for fraud (second cause of action) and breach of contract (sixth cause of action)[2] against Pomortsev. Compl. ¶¶ 74-99, 118-23. Plaintiffs also allege a cause of action for declaration of copyright ownership against Fly High (fifth cause of action). *Id.* ¶¶ 110-17. Lastly, Plaintiffs bring a cause of action against all defendants for deceptive business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* (seventh cause of action). *Id.* ¶¶ 124-30.

Following several stipulations to extend time to answer Plaintiffs' complaint, Distributor Defendants[3] filed the instant motion to dismiss Plaintiffs' third, fourth, and seventh causes of action on January 20, 2015. ECF No. 16 ("Mot."). Distributor Defendants do not seek to dismiss Plaintiffs' first cause of action for direct copyright infringement. *Id.* at 1. Plaintiffs opposed the motion on February 3, 2015. ECF No. 23 ("Opp."). Distributor Defendants replied on February 10, 2015. ECF No. 24.

Also on February 10, 2015, Game Garden filed a motion to disqualify Plaintiffs' counsel, ECF No. 25, which the Court granted on May 12, 2015, ECF No. 45. Plaintiffs were given twenty-one days to find replacement counsel.

In a joint case management statement filed on May 7, 2015, the parties agreed that the

---

[2] The sixth cause of action for breach of contract purports to be asserted against Bakanovich as well. Compl. ¶¶ 118-23. Bakanovich, however, is not named as a defendant in Plaintiffs' complaint. *See id.* ¶¶ 1-14. In addition, the Court notes that Pomortsev is not included in the complaint's list of parties. *See id.* ¶¶ 2-14.

[3] At the initial case management conference held on March 18, 2015, the Court was informed that Pomortsev and Fly High, both of whom reside in the Russian Federation, had not been served with process in this action. *See* ECF No. 29 at 2. However, on May 6, 2015, waivers of service were filed with the Court on behalf of Pomortsev and Fly High. ECF Nos. 40, 41. On May 11, 2015, Pomortsev and Fly High separately answered Plaintiffs' complaint. ECF Nos. 43, 44. At the same time, Fly High filed counterclaims against Plaintiffs for declaration of copyright ownership and for misrepresentation under 17 U.S.C. § 512(f), *see* ECF No. 43 at 18-19, while Pomortsev filed counterclaims against Plaintiffs for declaration of copyright invalidity and for breach of contract, *see* ECF No. 44 at 18-19.

United States District Court
Northern District of California

Court should proceed to rule on Distributor Defendants' pending motion to dismiss even if the Court were to grant Game Garden's motion to disqualify Plaintiffs' counsel. ECF No. 42 at 10. Accordingly, the Court proceeds to address Distributor Defendants' motion to dismiss.

## II. LEGAL STANDARD

### A. Motion to Dismiss: Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

United States District Court
Northern District of California

**B. Leave to Amend**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**III. DISCUSSION**

Distributor Defendants move to dismiss Plaintiffs' third, fourth, and seventh causes of action for contributory copyright infringement, vicarious copyright infringement, and deceptive business practices under the UCL, respectively. Mot. at 1. For the reasons stated below, the Court grants Distributor Defendants' motion.

**A. Contributory Copyright Infringement Claim (Third Cause of Action)**

The parties agree that to state a claim for contributory copyright infringement, a plaintiff must allege that a defendant "(1) has knowledge of a third party's infringing activity, and (2) induces, causes, or materially contributes to the infringing conduct." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (internal quotation marks omitted); *see* Mot. at 3; Opp. at 9. "To establish liability," the Ninth Circuit has said, "the first prong requires more than a generalized knowledge by [a defendant] of the possibility of infringement" by a third party. *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). Rather, "actual

United States District Court
Northern District of California

knowledge of specific acts of [third party] infringement is required for contributory infringement liability." *Id.* (internal quotation marks omitted).

Plaintiffs' complaint here fails to state a claim for contributory copyright infringement. As Plaintiffs concede, *see* Opp. at 2-3, the only allegation of wrongdoing against Distributor Defendants is that they distributed an app Plaintiffs claim to own, Compl. ¶¶ 8-9, 11, 28-29, 54-57. Plaintiffs do not allege any facts in support of the threadbare assertion that Distributor Defendants "had knowledge of the infringing acts relating to Plaintiffs' copyrighted works." Compl. ¶ 103. Nor do Plaintiffs allege any facts to suggest that Distributor Defendants "induced, caused, and materially contributed to the infringing acts of others." *Id.* ¶ 102. In fact, Plaintiffs do not even identify the alleged third party infringers. *See id.* ¶ 101 (including only a vague reference to "[n]umerous entities and individuals"). Plaintiffs' attempt to do so in their opposition brief via an unpled theory of "end user[] infringement" is unavailing. Opp. at 11. Simply put, Plaintiffs cannot avoid dismissal by alleging new facts in an opposition to a motion to dismiss. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Accordingly, the Court GRANTS Distributor Defendants' motion to dismiss Plaintiffs' third cause of action for contributory copyright infringement. The Court does so with leave to amend because the Court concludes that amendment would not necessarily be futile. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)). To survive a second round motion to dismiss, however, Plaintiffs must allege facts to support the conclusion that Distributor Defendants had "actual knowledge of specific acts of [third party] infringement." *Luvdarts*, 710 F.3d at 1072. Mere "conclusory allegations that [Distributor Defendants] had the required knowledge of infringement are plainly insufficient." *Id.*

**B. Vicarious Copyright Infringement Claim (Fourth Cause of Action)**

The parties also agree that to state a claim for vicarious copyright infringement, a plaintiff must allege that a defendant has "both the (1) right and ability to supervise the infringing activity and (2) a direct financial interest in the activity." *Luvdarts*, 710 F.3d at 1071; *see* Mot. at 4; Opp. at 6. Plaintiffs here have plainly failed to do so. Not even reciting the elements of vicarious copyright infringement, Plaintiffs' complaint simply repeats verbatim the allegations asserted for contributory copyright infringement. *Compare* Compl. ¶¶ 100-04 (contributory copyright infringement allegations), *with id.* ¶¶ 105-09 (virtually identical allegations for vicarious copyright infringement). Without any allegations of a claim for vicarious copyright infringement, let alone any facts in support of those allegations, Plaintiffs' fourth cause of action must be dismissed. *See Luvdarts*, 710 F.3d at 1071-72 (explaining the difference between contributory and vicarious copyright infringement). As stated above, Plaintiffs' attempt to use their opposition to cure the patent deficiencies in their complaint will not be countenanced. *See Schneider*, 151 F.3d at 1197 n.1.

Consequently, the Court GRANTS Distributor Defendants' motion to dismiss Plaintiffs' fourth cause of action for vicarious copyright infringement. The Court does so with leave to amend because the Court concludes that amendment would not necessarily be futile. *See Lopez*, 203 F.3d at 1127.

**C. UCL Claim (Seventh Cause of Action)**

Distributor Defendants argue that Plaintiffs' UCL claim for deceptive business practices must be dismissed because it is preempted by the federal Copyright Act. Mot. at 5-7. In their opposition brief, Plaintiffs make no attempt to refute this argument. Indeed, all Plaintiffs say is the following: "In the event, however, that the Court agrees to dismiss the copyright-related claims as to the Distributor Defendants, Plaintiffs seek leave to amend their 17200 claim." Opp. at 12. In the Court's view, Plaintiffs have effectively failed to oppose dismissal of their UCL claim.

In any event, the Court agrees with Distributor Defendants. As the Ninth Circuit has

United States District Court
Northern District of California

explained: "The Copyright Act explicitly preempts state laws that regulate in the area of copyright, stating that 'all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title.'" *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) (ellipsis in original) (quoting 17 U.S.C. § 301(a)). In general, "two conditions must be satisfied for a law to be preempted under the federal Copyright Act": "First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." *Id.* (internal quotation marks omitted).

California's UCL broadly prohibits unlawful, unfair, and fraudulent business acts. *Kor. Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). "Unlawful acts are anything that can properly be called a business practice and that at the same time is forbidden by law . . . be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made, where court-made law is, for example a violation of a prior court order." *Sybersound*, 517 F.3d at 1151 (ellipsis in original) (internal quotation marks omitted). "Unfair acts among competitors means 'conduct that threatens an incipient violation of an antitrust law, or violates the spirit or policy of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'" *Id.* at 1152 (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999)). "Finally, fraudulent acts are ones where members of the public are likely to be deceived." *Id.*

In the instant case, Plaintiffs do not dispute that the first condition for preemption is satisfied because their causes of action against Distributor Defendants fall within the subject matter of the Copyright Act. To wit, Plaintiffs allege that Distributor Defendants, by distributing *Cat Story* through various platforms, are liable for direct, contributory, and vicarious copyright infringement. Compl. ¶¶ 61-73, 100-09. Nor do Plaintiffs dispute that the second condition is met because the only allegation of wrongdoing against Distributor Defendants is that they distributed

United States District Court
Northern District of California

an app over which Plaintiffs claim to own the rights, *id.* ¶¶ 8-9, 11, 28-29, 54-57, and the right "to distribute" a protected work is one of the exclusive rights granted under section 106, 17 U.S.C § 106(3). Where, as here, "the improper business act complained of is based on copyright infringement," a UCL claim is "properly dismissed because it is preempted." *Sybersound*, 517 F.3d at 1152; *see also Dos Santos v. Telemundo Commc'ns Grp., LLC*, No. SACV 12-1373 JVS, 2012 WL 9503003, at *8 (C.D. Cal. Dec. 19, 2012) (finding the plaintiffs' UCL claims "preempted to the extent they are premised on a violation of the Copyright Act"); *Bissoon-Dath v. Sony Computer Entm't Am., Inc.*, 694 F. Supp. 2d 1071, 1092 (N.D. Cal. 2010) (dismissing UCL claim where the plaintiffs' "complaint makes allegations pertaining only to copyright infringement"), *aff'd sub nom. Dath v. Sony Computer Entm't Am., Inc.*, 653 F.3d 898 (9th Cir. 2011).

As a result, the Court GRANTS Distributor Defendants' motion to dismiss Plaintiffs' seventh cause of action under the UCL. The Court does so without leave to amend because Plaintiffs' UCL claim against Distributor Defendants is preempted by federal law and amendment would therefore be futile. *See Hayes v. Wells Fargo Bank, N.A.*, No. 13CV1707 L BLM, 2014 WL 3014906, at *6 (S.D. Cal. July 3, 2014) (dismissing UCL claim with prejudice because it was preempted by federal law). Plaintiffs' failure to oppose dismissal of their UCL claim also weighs in favor of dismissing that claim with prejudice. *See Smith v. Harrington*, No. C 12-03533 LB, 2013 WL 132465, at *11 (N.D. Cal. Jan. 9, 2013) ("In instances where a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice.").

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Distributor Defendants' motion to dismiss Plaintiffs' third, fourth, and seventh causes of action. The Court grants leave to amend as to Plaintiffs' third and fourth causes of action only. Plaintiffs' seventh cause of action is dismissed with prejudice as to Distributor Defendants.

United States District Court
Northern District of California

Should Plaintiffs elect to file an amended complaint curing the deficiencies identified herein, Plaintiffs shall do so within thirty (30) days of the date when Plaintiffs' new counsel files a notice of appearance in this case. *See* ECF No. 45 at 13 (ordering Plaintiffs "to obtain successor counsel who shall file a notice of appearance within twenty-one (21) days from" May 12, 2015). Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiffs' third and fourth causes of action. Plaintiffs may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: May 20, 2015

Lucy H. Koh

LUCY H. KOH
United States District Judge